ZHOU XIAO XIAO,[1] Petitioner,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, Attorney General Alberto
R. Gonzales,[2] Respondent.

No. 04–6297–ag.

United States Court of Appeals,
Second Circuit.

Feb. 7, 2006.

David X. Feng, New York, N.Y., for
Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Ramon E. Reyes, Jr., Sara L. Shudofsky, Assistant United States Attorneys, New York, N.Y., for Respondent.

PRESENT: Hon. GUIDO
CALABRESI, Hon. RICHARD C.
WESLEY, and Hon. PETER W. HALL,
Circuit Judges.

1. The Clerk is requested to modify the official caption to reflect the correct order of Zhou's name.

## SUMMARY ORDER

Zhou Xiao Xiao, through counsel, petitions for review of the BIA decision denying her motion to reopen her immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

Zhou did not file a timely petition for review of the BIA's denial of her merits appeal; her petition for review was filed with this Court more than three months after that decision was issued. *See* 8 U.S.C. § 1252(b)(1) (requiring that a petition for review be filed no more than 30 days after the date of the final order of removal). Zhou did file a timely petition for review of the denial of her motion to reopen based on the ineffective assistance of counsel. In a motion to reopen, this Court is precluded from passing on the merits of the underlying claim for relief, and review must be confined to the denial of the petitioner's motion to reopen the proceedings. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir.2001). Accordingly, the only issue that is properly before this Court is whether the BIA abused its discretion in denying Zhou's motion to reopen based on ineffective assistance of counsel.

Even though this is the only issue on appeal, Zhou does not mention the motion in her brief to this Court. She only argues that the IJ's adverse credibility finding is erroneous. *Id.* Because she does not raise any issues relating to her motion to reopen, all relevant claims are waived. *See, e.g., Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

This Court notes that Zhou's attorney before this Court, David X. Feng, is the same attorney against whom Zhou, *pro se,* filed the ineffective assistance of counsel motion. Because the only issue on appeal was the motion to reopen, this raises significant ethical concerns. If counsel places himself in this highly unethical situation before this Court in the future, he may be referred to this Court's disciplinary committee.

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).